*186
 
 Taft, J.,
 

 concurring. I concur in paragraphs one, three, four and five of the syllabus and in the judgment.
 

 However, I believe that paragraph two of the syllabus and the similar conclusion stated in the opinion is too broad unless “the field of income taxation” referred to therein is limited to that covered by the income tax levied against appellant.
 

 Appellant argues that the state has occupied part of the field of income taxation by enacting a state excise tax (Sections 5483 to 5487, inclusive, General Code), a state franchise tax (Sections 5495 to 5499, inclusive, General Code), and a state tax upon intangibles (Sections 5638 and 5638-1, General Code).
 

 The doctrine of pre-emption of a field of taxation by the state, as preventing occupation of such field by a municipality, is based on the apparent intention of the General Assembly to be inferred from its occupa-. tion of the particular field of taxation. When the General Assembly does occupy a particular field of taxation, it may reasonably be inferred that it intends to exclude municipalities from such field. It has authority to do this under Section 13 of Article XVIII and Section 6 of Article XIII of the Constitution. However, the occupation by the state of a small portion of a particular field of taxation does not necessarily indicate the intention of the General Assembly to exclude municipalities from the portion of such field not so occupied.
 

 At this time, the court does not have before it the question as to whether, by enactment of the state excise tax, the state franchise tax or the intangible tax, the state has pre-empted a portion of the field of income taxation. Appellant cannot raise that question (8 Ohio Jurisprudence, 178, Section 75; 16 Corpus Juris Secundum, 161, Section 76; 11 American Jurispru
 
 *187
 
 dence, 749, Section 111) especially in view of the expressed intention in Section 15 of the ordinance to have whatever portion of the ordinance is constitutional enforced notwithstanding any unconstitutional portion. The majority recognizes that only two questions are raised for decision by the record although other questions are discussed in the briefs.
 

 However, the broad language of paragraph two of the syllabus might be interpreted to justify the conclusion that the state had not pre-empted any portion of the field of income taxation by enactment of the foregoing excise tax, franchise tax or intangible tax. Such a question is one that was argued but is not being decided.